IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIE SOMERVILLE,   )<br>)<br>Petitioner,   )<br>)<br>v.   )<br>)<br>UNITED STATES OF AMERICA,   )<br>)<br>Respondent.   ) | Cv. No. 2:21-cv-02652-SHL-atc |

**ORDER DENYING PETITIONER'S MOTION TO RECALL MANDATE AND EXTENSION OF TIME**

Before the Court is Petitioner Willie Somerville's Motion to Recall Mandate and Extension of Time (ECF No. 16), filed September 23, 2024.

In <u>United States v. Somerville et al.</u>, No. 2:17-cr-20422-SHL, Somerville was convicted by a jury of attempted Hobbs Act Robbery (Count 1), use or carrying of a firearm during and in relation to a crime of violence (Count 2–3), and causing the death of a person through the use of a firearm during a crime of violence (Count 4). (No. 2:17-cr-20422-SHL, ECF Nos. 2; 192.) The "crime of violence" in Counts 2–4 was attempted Hobbs Act robbery. (No. 2:17-cr-20422-SHL, ECF Nos. 2; 192.) He was sentenced on all four counts to a term of life imprisonment, plus ten years to run consecutively. (No. 2:17-cr-20422-SHL, ECF No. 264.)

On October 15, 2021, Somerville filed a <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Petition"). (ECF No. 1.) He brought two claims in his petition—his trial counsel rendered ineffective assistance (Claim 1), and attempted Hobbs Act robbery is not a crime of violence. (<u>Id.</u> at PageID 5.)

On June 21, 2022, the Supreme Court issued its decision in United States v. Taylor, 596 U.S. 845 (2022), holding that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. §§ 924(c)(3)(A) and 924(j). Somerville filed a Motion for Summary Judgment in his habeas action focused on claim 2, based on Taylor. (ECF No. 11.) The Court granted that motion, vacating his convictions for Counts 2–4. Although the Court's order did not resolve Claim 1 of the § 2255 Petition, that claim was dismissed without prejudice, given that the ruling on claim 2 meant that he would receive a new sentencing hearing and a new judgment. (ECF No. 12 at PageID 79.) In its Order, the Court noted that Somerville would have the right to file a new § 2255 petition after his resentencing. (Id.) On February 9, 2023, the Court resentenced Somerville to 240 months imprisonment as to Count 1, followed by three years supervised release. (Case No. 2:17-cr-20422-SHL, ECF No. 344.) [1]

On May 28, 2024, Somerville filed a motion seeking the appointment of counsel for his new § 2255 petition. (ECF No. 14.) In the alternative, Somerville sought to renew his original § 2255 petition. (Id. at PageID 81.) On August 6, 2024, the Court denied Somerville's motion but directed him to file a new petition on the official § 2255 form within twenty-eight days if he was in fact seeking additional habeas relief. (ECF No. 15.) His deadline was September 3, 2024, but he filed this Motion twenty days after the deadline. (See ECF No. 16.)

Now, Somerville seeks a one-year extension of his deadline to file a renewed § 2255 petition, arguing that he is entitled to one year based on the statute of limitations. (Id. at PageID 87.) However, a statute of limitations is not a basis for an extension of time. Rather, statutes

---

[1] He appealed the original final judgment (Case No. 2:17-cr-20422-SHL-1, ECF No. 276), which appears to have been addressed on August 24, 2020 (see Case No. 2:17-cr-20422-SHL-1, ECF No. 294). On June 1, 2023, he appealed his re-sentencing (Case No. 2:17-cr-20422-SHL-1, ECF No. 376), which was voluntarily dismissed on February 21, 2024 (Case No. 2:17-cr-20422-SHL-1, ECF No. 403).

operate according to rules established in case law and Somerville's arguably began to run following the dismissal of the appeal of his re-sentencing. As for extensions of time, they require justification. Here, Somerville does not specify why he needs additional time to file a renewed § 2255 petition. (See generally id.) Somerville also waited until after the deadline to seek this extension, and he provides no explanation for doing so.

      Therefore, Somerville's Motion is **DENIED**.

      **IT IS SO ORDERED**, this 19th day of February, 2025.

                                      s/ Sheryl H. Lipman
                                      SHERYL H. LIPMAN
                                      CHIEF UNITED STATES DISTRICT JUDGE