**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

WILLIE SOMERVILLE,                          )
                                            )
    Movant,                             )
                                            )
v.                                          )          No. 2:21-cv-02652-SHL-atc
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
    Respondent.                         )

---

**ORDER DENYING MOVANT'S MOTION FOR RECONSIDERATION
AND DISMISSING § 2255 PETITION WITHOUT PREJUDICE**

---

Before the Court is a motion for reconsideration by pro se Movant Willie Somerville, filed April 13, 2026.  (ECF No. 19.)  For the reasons discussed herein, Movant's motion for reconsideration is **DENIED** and his § 2255 petition is **DISMISSED** without prejudice for failure to prosecute.

Movant was convicted by a jury of attempted Hobbs Act Robbery (Count 1) and three firearm counts predicated on that robbery as a crime of violence (Counts 2–4); he was sentenced to a term of life imprisonment, plus ten years, to run consecutively.  (No. 17-cr-20422, ECF Nos. 2, 192, 264.)

On October 15, 2021, Movant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence arguing ineffective assistance of counsel and a claim that attempted Hobbs Act robbery is not a crime of violence.  (ECF No.1 at PageID 5.)  Following the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022), holding that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. §§ 924(c)(3)(A) and 924(j), the Court granted summary judgment, vacating his convictions for Counts 2–4.  The

Court dismissed the ineffective assistance claim without prejudice in light of the sentencing, noting that Movant could refile his § 2255 petition afterward.  (ECF No. 12 at PageID 79.)  On February 9, 2023, the Court resentenced Movant to 240 months' imprisonment on Count 1, followed by three years supervised release.  (No. 17-cr-20422, ECF No. 344.)

On May 28, 2024, Movant filed a motion seeking the appointment of counsel for his new § 2255 petition.  (ECF No. 14.)  In the alternative, Movant sought to renew his original § 2255 petition.  (Id. at PageID 81.)

In August 2024, the Court denied Movant's motion for appointment of counsel but directed him, if he wished to pursue habeas relief, to file a renewed § 2255 petition on the official form within twenty-eight days—by September 3, 2024.  (ECF No. 15).  The Court's order specified he could seek additional time by filing a motion before the twenty-eight day deadline.  It further advised that, if he failed to do so, "the Court will dismiss the action without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  (Id. at PageID 85.)

Movant did not file his renewed motion by that deadline.  Instead, twenty days after it had passed, he sought a one-year extension based on the applicable statute of limitations.  The Court denied that motion, explaining that a statute of limitations is not, itself, a basis for an extension of time.  Movant offered no explanation for why he needed additional time, nor why he was late filing the request for an extension.

Movant now moves for reconsideration.  The Court recognizes this motion as one for relief from judgment pursuant to Rule 60(b).  Jones v. Kolb, 91 F. App'x 467 (6th Cir. 2003).

A court may grant a party relief from a final judgment for one of several reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) or any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). Movant's motion satisfies none of these. He asserts that he was unaware of when his direct appeal was waived and, as a result, did not know when his § 2255 was due. He also contends he should be afforded a full year to renew his motion. However, he acknowledges in his motion to reconsider that he understood the Court had directed him to refile within 28 days—regardless of when his direct appeal was waived—and that his delay stemmed from not having paper to present his argument. That explanation does not establish the extraordinary circumstances necessary to excuse either his failure to timely refile or his failure to timely seek an extension. Movant had twenty-eight days to file his renewed § 2255 motion or request additional time. He did neither, and he has not offered a basis on which the Court should excuse that failure.

The Court **DENIES** the motion to reconsider and **DISMISSES** the petition without prejudice for failure to prosecute.

**IT IS SO ORDERED,** this 3rd day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE